# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-7251

WILLIAM E. TERRY, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued December 7, 2022                          Decided October 19, 2023)

*Matthew G. Greig*, of Little Rock, Arkansas, for the appellant.

*Ronen Z. Morris*, with whom *Richard A. Sauber*, General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Christopher W. Wallace*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

*Morgan MacIsaac-Bykowski*, of Gulfport, Florida, with whom *Philip Randolph Seybold*, *Justin M. Rusk*, and *Tyler Guy Welti*, all of Washington, D.C., were on the brief for the National Law School Veterans Clinic Consortium and the National Organization of Veterans' Advocates as amici curiae.

*Linda E. Blauhut*, with whom *Jennifer Zajac*, both of Washington, D.C., was on the brief for Paralyzed Veterans of America as amicus curiae.

*Christopher Glenn Murray*, with whom *Renee Burbank*, *Richard Spataro*, *Barton F. Stichman*, and *Stacy A. Tromble*, all of Washington, D.C., were on the brief for the National Veterans Legal Services Program as amicus curiae.

*Amy F. Odom*, with whom *Zachary M. Stolz*, both of Providence, Rhode Island, were on the brief for Marvin Loyd as amicus curiae.

Before PIETSCH, GREENBERG, and ALLEN, *Judges*.

PIETSCH, *Judge*: In this timely appeal over which the Court has jurisdiction, *see* 38 U.S.C. §§ 7252(a), 7266(a), appellant William E. Terry challenges a June 18, 2020, Board of Veterans' Appeals (Board) decision (1) ordering that "[t]he claim for service connection for sleep apnea remains denied" because Mr. Terry did not submit new and relevant evidence,[1] and determining

---

[1] Mr. Terry does not challenge the Board's determination that no new and relevant evidence had been

that the only question in the sleep apnea matter before the Board was whether new and relevant evidence had been presented or secured with respect to Mr. Terry's supplemental claim; and (2) denying entitlement to service connection for basal cell carcinoma. Record (R.) at 5-11.

This appeal was referred to a panel of the Court because it involves issues of first impression concerning provisions of the Veterans Appeals Improvement and Modernization Act of 2017 (AMA),[2] specifically 38 U.S.C. §§ 5104C(a) and 5108(a), and their operation with 38 U.S.C. §§ 5110(a)(2), 7104, and 7105.

The threshold question concerning Mr. Terry's sleep apnea claim is whether, under 38 U.S.C. § 5104C(a), Congress allowed a claimant to file more than one administrative review request[3] in response to, and within 1 year of, an agency of original jurisdiction (AOJ) decision on a claim, provided the review requests are not pending concurrently?[4] Mr. Terry and amici curiae argue yes. The Secretary disagrees and argues that Congress intended for a claimant to file each administrative review request in response to, and within 1 year of, the most recent AOJ decision on a claim. Essentially, the Secretary contends that once a claimant makes one administrative review request on an AOJ decision on a claim, the claimant can't under any circumstances use another option to file another administrative review request with regard to that AOJ decision, even if the claimant does so within 1 year of that AOJ decision.

We hold that subsection 5104C(a) plainly provides that a claimant may file more than one administrative review request within 1 year of an initial AOJ decision on a claim, provided that such an administrative review request is not pending concurrently with another administrative review request. Thus, the Board erred when it construed Mr. Terry's April 2020 Notice of Disagreement (NOD) as an appeal from the September 2019 AOJ decision on his supplemental claim, rather than an appeal from the timely April 2019 AOJ decision concerning Mr. Terry's

---

submitted.

[2] Pub. L. No. 115-55, 131 Stat. 1105 (2017) (codified in various sections of title 38, U.S. Code).

[3] The "actions" that a claimant may take within 1 year of an AOJ decision are specifically defined as three filing options [under subsections 5104C(a)(1)(A)-(C). For ease of understanding, we collectively refer to those three filing options as requests for administrative review.

[4] There is no dispute that under subsection 5104C(a)(2)(A) a claimant may not file an additional administrative review request while the first request is still pending an AOJ decision. And to be clear, we express no opinion on how subsection 5104C(a) operates when a claimant withdraws an administrative review request and files another administrative review request as contemplated by subsection 5104C(a)(2)(A)(ii) and 38 C.F.R. § 3.2500(e) (2023).

higher-level review request. We reverse that determination, set aside the Board's decision denying service connection for sleep apnea, and remand this matter for the Board to address the merits of Mr. Terry's claim for service connection for sleep apnea.[5]

Additionally, we break no new ground by concluding that the evidence of record reasonably raised the theory of entitlement to service connection for basal cell carcinoma under 38 C.F.R. § 3.311 (2023) and that the Board erred by not addressing this theory. We therefore vacate the Board's denial of service connection for basal cell carcinoma and remand this matter for the Board to address that theory.

## I. BACKGROUND

### A. VA's Appeals System: Legacy and AMA

In the legacy VA appeals system, a claimant files a claim for benefits to the AOJ; the AOJ adjudicates the claim and issues "notice of the result of initial review or determination"; the claimant initiates appellate review by filing an NOD within 1 year of the AOJ's "initial review or determination"; and "[t]he request for appellate review by the Board . . . is completed by filing a Substantive Appeal." *See Jarrell v. Nicholson*, 20 Vet.App. 326, 330-31 (2006) (en banc) (discussing 38 U.S.C. § 7105(a), (b) (2006)). The AOJ's decision "becomes final unless the claimant appeals the decision." *Id.* at 331 (citing 38 U.S.C. § 7105(c) (2006)). "[W]here the claim was placed into appellate status by virtue of an NOD, subsequent RO decisions cannot resolve the pending claim." *Jones v. Shinseki*, 23 Vet.App. 122, 125 (2009), *aff'd on other grounds*, 619 F.3d 1368 (Fed. Cir. 2010). "Only a subsequent Board decision can resolve an appeal that was initiated but not completed." *Juarez v. Peake*, 21, Vet.App. 537, 543 (2008). And a claimant could file an application to reopen a finally denied claim under 38 U.S.C. § 5108 (1991) to have that claim readjudicated. *Bernard v. Brown*, 4 Vet.App. 384, 391-92 (1993).

"Congress enacted the AMA in 2017 to reform the existing VA administrative appeals system," and the AMA's "amendments reflect Congress's goal of streamlining the administrative appeals system while still protecting claimants' due process rights." *Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1118-19 (Fed. Cir. 2021). "The AMA applies to all claims for

---

[5] Given our resolution of the threshold question concerning the plain meaning of section 5104C(a), we need not address the broader argument advanced by Mr. Terry and certain amici that, so long as a claim has been continuously pursued, the Board has the power to consider the merits of any decision rendered as part of that continual pursuit. We leave that issue for another day.

which notice of a decision is provided by the Secretary on or after February 19, 2019." *Aviles-Rivera v. McDonough*, 35 Vet.App. 268, 273 (2022). Further, a claimant may elect to have their legacy claim processed in the AMA system pursuant to VA's Rapid Appeals Modernization Program (RAMP), or after receiving a Statement of the Case (SOC) or Supplemental Statement of the Case (SSOC). *See* 38 C.F.R. § 3.2400(a)(2), (c)(1) (2023); *see also* Pub. L. No. 115-55, § 2(x)(3), (5), 131 Stat. 1105, 1115 (2017) (concerning when a claimant may elect to have a legacy claim processed under the AMA system); Pub. L. No. 115-55, § 4(a), 131 Stat. 1105, 1119 (authorizing the Secretary to carry out programs to test facets of the AMA system).

In the AMA system, "claimants may now choose from three procedural lanes to obtain review of their claim within one year of the initial decision (in contrast to the legacy system's single pathway for appeal to the Board)." *Mil.-Veterans Advoc.*, 7 F.4th at 1119 (citing 38 U.S.C. § 5104C(a)(1)). Those lanes are the following: (1) filing a supplemental claim with new and relevant evidence to seek readjudication of the claim based on all of the evidence of record; (2) filing a request for higher-level review of the AOJ decision; and (3) filing an NOD to directly appeal to the Board. *See* 38 U.S.C. §§ 5104C(a)(1)(A)-(C), 5104B, 5108, 7105; *Mil.-Veterans Advoc.*, 7 F.4th at 1117, 1119. "[C]laimants may use only one lane at a time." *Id.* at 1119 (citing 38 U.S.C. § 5104C(a)(2)(A)). But "nothing can prohibit [a] claimant from pursuing each administrative review option *in succession*." *Id.* at 1134 (citing 38 U.S.C. § 5104C(a)(2)(B)).

A claimant who files an NOD to the Board may choose from three Board dockets: "direct review," "additional evidence," or "hearing." 38 U.S.C. § 7105(b)(3); *Aviles-Rivera*, 35 Vet.App. at 273. Section 7113, title 38, U.S. Code, imposes various limitations on the evidence that the Board may consider based on the chosen Board docket.

And a claimant may file a supplemental claim under 38 U.S.C. § 5108 to initiate readjudication of a claim that was previously denied by the Board, the Court, or the AOJ more than 1 year before. *See* 38 U.S.C. §§ 5104C(b), 5110(a)(2)(E), 7104(b).

### B. The Procedural Background of Mr. Terry's Case

Mr. Terry served on active duty in the U.S. Air Force from July 1960 to March 1965 and from July 1966 to July 1982. *See* R. at 6, 1096, 1304. His service records include a DD Form 1141 (Record of Exposure to Ionizing Radiation), reflecting that on August 3, 1962, Mr. Terry was exposed to gamma radiation at Ramey Air Force Base. R. at 1811.

4

In August 2016, Mr. Terry filed a claim for service connection for sleep apnea and basal cell carcinoma. R. at 1407-10. In a June 2017 rating decision, the AOJ denied service connection for sleep apnea and basal cell carcinoma. R. at 954-59. In June 2018, Mr. Terry filed a timely NOD with the June 2017 rating decision. R. at 666-67.

In February 2019, Mr. Terry submitted through counsel a form in which he opted in to RAMP, requesting higher-level review of all eligible issues then on appeal under the AMA system. R. at 459.

In an April 16, 2019, rating decision, a higher-level adjudicator within the AOJ denied service connection for sleep apnea and basal cell carcinoma. R. at 410-12.

In June 2019, Mr. Terry filed through counsel a VA Form 20-0995 (Decision Review Request: Supplemental Claim), seeking VA review of the issue of "Obstructive Sleep Apnea," and identifying the June 2017 rating decision. R. at 397-99. And he attached documents to his supplemental claim form. R. at 333-96.

In a September 2019 supplemental claim decision, the AOJ notified Mr. Terry that the claim for service connection for sleep apnea "remains denied" because no new and relevant evidence had been submitted. R. 102-16. The AOJ construed Mr. Terry's June 2019 filing as a "request to reopen a previous claim"; determined that evidence he had submitted did not constitute relevant evidence; and explained that it "ha[s] continued [its] previous denial because [Mr. Terry] failed to submit evidence of in-service treatment or evidence [sleep apnea] was caused by a service connected condition." R. at 112-16.

On April 14, 2020, Mr. Terry filed a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)), seeking direct review by the Board, listing "Basal Cell Carcinoma" and "Sleep Apnea" as the issues that he would like to appeal to the Board, and identifying the April 2019 higher-level review (HLR) decision he sought to appeal. R. at 18.

In the June 2020 decision on appeal, the Board ordered that "[t]he claim for service connection for sleep apnea remains denied because the evidence submitted is not new and relevant." R. at 5. The Board found that the April 2019 HLR decision denying service connection for sleep apnea became final because Mr. Terry did not appeal that decision. R. at 5, 7 (citing 38 C.F.R. § 20.200 (2023). The Board stated:

> In [an] April 2020 VA Form 10182, the Veteran requested direct review by the Board of the April 2019 rating decision issued under the [AMA]. . . .

The Board notes that an April 2019 rating decision denied service connection for sleep apnea and that the Veteran filed a Decision Review Request: Supplemental Claim (VA Form 20-0995) in June 2019. A September 2019 rating decision found that there was no new and relevant evidence to readjudicate the claim for sleep apnea. The Veteran subsequently filed a Decision Review Request: Board Appeal (VA Form 10182) in April 2020 seeking Board consideration of the April 2019 rating decision. The Board notes that the April 2019 rating decision identified in the April 2020 VA Form 10182 is not the most recent rating decision on appeal; however, it is liberally construing this [VA Form] 10182 to reflect disagreement with the September 2019 rating decision. *See* 38 C.F.R. § 20.202(a).

R. at 6. And the Board determined that "[t]he question in this case are [sic] whether the Veteran submitted evidence after the prior final denial of his claim for service connection (after April 2019), and if so, whether that evidence is new and relevant to his claim." R. at 7.

The Board also denied service connection for basal cell carcinoma, finding that though there was evidence of Mr. Terry's "length[y] history of basal cell carcinoma," there was "insufficient evidence to indicate that the Veteran has basal cell carcinoma that is related to an event, injury, or disease that occurred in service." R. at 9.

## II. SLEEP APNEA

We turn now to the threshold question before us: Under 38 U.S.C. § 5104C(a), did Congress allow a claimant to file more than one administrative review request in response to, and within 1 year of, an AOJ decision on a claim, provided the claimant is not pursuing these requests concurrently?

### A. Arguments

Mr. Terry and amici curiae argue that subsection 5104C(a) plainly and unambiguously permits the claimant to file more than one administrative review request in response to, and within 1 year of, an AOJ decision. Appellant's Brief (App. Br.) at 7-8, 14-15; Appellant's Reply Brief (App. Rep. Br.) at 2-3; Brief for the National Law School Veterans Clinic Consortium and the National Organization of Veterans' Advocates as Amici Curiae (Br. for NLSVCC & NOVA) at 1-3, 4-9, 22-25; Brief for the National Veterans Legal Services Program as Amicus Curiae (Br. for NVLSP) at 2-8.[6] Mr. Terry asserts that because he filed an NOD in April 2020, within 1 year of

---

[6] After the parties filed their initial briefs, we ordered them to file supplemental briefs. Thereafter, we invited amici curiae to file briefs.

the April 2019 HLR decision and his NOD identified that decision, the Board erred when it found that the April 2019 HLR decision became final because it was not appealed. Br. at 12-14. Mr. Terry and amici curiae argue that the Board should have addressed the merits of his claim for service connection for sleep apnea and should not have construed his April 2020 NOD as an appeal from the most recent AOJ decision issued with respect to his claim: the September 2019 supplemental claim decision. App. Br. at 7-8, 13-15; App. Rep. Br. at 2-3; Oral Argument (O.A.) at 10:16-:36;[7] Br. for NLSVCC & NOVA at 24-25. Mr. Terry and amici curiae further argue that the AMA's purposes, as reflected in the legislative history, support their interpretation of subsection 5104C(a). App. Rep. Br. at 5-6; Br. for NLSVCC & NOVA at 23. And Mr. Terry argues that "[r]emand is warranted for the Board to conduct a review of the April 2019 [HLR] decision based on all evidence of record." App. Br. at 8, 15; O.A. at 14:31-:57.

One amicus further argues that if the language of subsection 5104C(a) contains "interpretative doubt," or if subsection 5104C(a) is silent on whether a claimant may file more than one administrative review request in response to one AOJ decision, the Court should apply the pro-veteran canon and construe this statute as permitting the same. Br. for NVLSP at 5-7. Amicus also generally argues that if subsection 5104C(a) is ambiguous, the Court should not afford deference to VA's interpretation of the statute because it is unreasonable and because the Secretary presents a litigation position rather than an official position. *Id.* at 8.

The Secretary argues that subsection 5104C(a), when read with subsection 5110(a)(2), plainly and unambiguously provides that a claimant may file only one administrative review request in response to a decision, and that any subsequent administrative review request must be taken successively in response to the most recent decision issued with respect to a claim. Secretary's Brief (Sec. Br.) at 5-14; Secretary's Supplemental Brief (Sec. Supp. Br.) at 10-20; O.A. at 31:55-32:23, 36:02-42:30. He argues that the AMA system "contemplates a sequential progression of claims adjudication . . . [and] that, in the context of a continuously pursued claim, each decision issued in response to an administrative review selection will replace the earlier one as the decision subject to further appeal and administrative review." Sec. Supp. Br. at 14. The Secretary further asserts that the AMA's purposes, as reflected in the legislative history, support his interpretation of subsection 5104C(a). Sec. Br. at 8-10; Sec. Supp. Br. at 14-17; O.A. at 43:55-

---

[7] *Terry v. McDonough*, U.S. Vet. App. No. 20-7251 (oral argument held Dec. 7, 2022), https://www.youtube.com/watch?v=YHGsm-hicoQ.

44:45, 55:04-:51. And he argues that it was proper for the Board to liberally and favorably construe Mr. Terry's April 2020 NOD as an appeal from the September 2019 supplemental claim decision, because the September 2019 supplemental claim decision was the most recent AOJ decision issued with respect to the claim for service connection for sleep apnea. Sec. Br. at 5-6, 13-16.

The Secretary alternatively argues that if subsection 5104C(a) is ambiguous, 38 C.F.R. § 3.2500(c) resolves that ambiguity, and the Court should afford deference to VA's reasonable interpretation of the statutory language under step two of the analysis for determining whether to grant deference to an agency's interpretation of a statute that is set forth in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Sec. Supp. Br. at 20-21; O.A. at 32:24-:33, 42:32-43:51. He asserts that the regulation clearly provides that "in response to a decision on a claim by the AOJ, a claimant may select a single review option for each VA decision," and that, to continually pursue a claim, the claimant must "act in response to the most recent decision issued with respect to their most recent review choice." Sec. Supp. Br. at 20-21. And the Secretary notes that VA explained why it interpreted sections 5104C and 5110 in this way. Sec. Supp. Br. at 21-22 n.34 (citing VA Claims and Appeals Modernization, Final Rule, 84 Fed. Reg. 138 (Jan. 18, 2019); VA Claims and Appeals Modernization, Proposed Rule, 83 Fed. Reg. 39,818, 39,819 (Aug. 10, 2018)).

B. Analysis

"[I]nterpretation of a statute or regulation is a question of law," *Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003), and "[t]he Court reviews statutory construction questions de novo," *Martinez v. Wilkie*, 31 Vet.App. 170, 175 (2019) (citing 38 U.S.C. § 7261(a)(1)). The Court's statutory interpretation analysis begins with the text of the statute to determine whether the language is plain and unambiguous. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). In doing so, we look to "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. "Context always matters." *Van Dermark v. McDonough*, 57 F.4th 1374, 1381 (Fed. Cir. 2023). And if the statutory language is unambiguous and "the statutory scheme is coherent and consistent," then our statutory inquiry ends, *Robinson*, 519 U.S. at 340, and "the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress," *Chevron*, 467 U.S. at 842-43.

Section 5104C which concerns "[o]ptions following decision by [AOJ]," [8] states:

(a) **Within one year of decision.**

(1) Subject to paragraph (2), in any case in which the Secretary renders a decision on a claim, the claimant may take any of the following actions on or before the date that is one year after the date on which the agency of original jurisdiction issues a decision with respect to that claim:

(A) File a request for higher-level review under section 5104B of this title [38 USCS § 5104B].
(B) File a supplemental claim under section 5108 of this title [38 U.S.C.S. § 5108].
(C) File a notice of disagreement under section 7105 of this title [38 U.S.C.S. § 7105].

(2)
(A) Once a claimant takes an action set forth in paragraph (1), the claimant may not take another action set forth in that paragraph with respect to the same claim or same issue contained within the claim until—

(i) the higher-level review, supplemental claim, or notice of disagreement is adjudicated; or
(ii) the request for higher-level review, supplemental claim, or notice of disagreement is withdrawn.

(B) Nothing in this subsection shall prohibit a claimant from taking any of the actions set forth in paragraph (1) in succession with respect to a claim or an issue contained within the claim.

(C) Nothing in this subsection shall prohibit a claimant from taking different actions set forth in paragraph (1) with respect to different claims or different issues contained within a claim.

. . . .

(b) **More than one year after decision.** In any case in which the Secretary renders a decision on a claim and more than one year has passed since the date on which the agency of original jurisdiction issues a decision with respect to that claim, the claimant may file a supplemental claim under section 5108 of this title [38 U.S.C.S. § 5108].

---

[8] "The term 'agency of original jurisdiction' means the activity which entered the original determination with regard to a claim for benefits under laws administered by the Secretary." 38 U.S.C. § 101(34). The AOJ may issue an initial decision on an initial claim, a decision on an HLR request, or a decision on a supplemental claim. *See* 38 U.S.C. § 7105(b)(1)(A) (using "decision of the [AOJ]" to refer to an HLR decision or a supplemental claim decision); *see also* 38 U.S.C. § 5104B(a)(1) (stating that an HLR decision is rendered by a higher-level adjudicator "within" the AOJ).

38 U.S.C. § 5104C.[9]

Beginning with subsection (a)(1), we find it significant that Congress provided that a claimant is permitted to use "any" of the three listed options following a decision on a claim, qualified *only* by the restriction that the option(s) be used within 1 year of the decision on that claim. Mr. Terry and amici curiae argue that because Congress used "any" in subsection 5104C(a)(1) and did not say that a claimant may take "any one" of the actions set forth in subsections 5104C(a)(1)(A)-(C), a claimant may take "any or all" of those actions within 1 year of an AOJ decision. App. Rep. Br. at 3; Br. for NLSVCC & NOVA at 6, 23. Amici curiae also argue that because no disjunctive "or" joins the list of actions set forth in subsections 5104C(a)(1)(A)-(C), Congress did not intend for the taking of one action to exclude the taking of other actions. *See* Br. for NLSVCC & NOVA at 7.

The Secretary argues that the word "any" must be considered in context rather than in isolation, and that "any" means that a claimant may take any *one* of the actions set forth in subsection 5104C(a)(1). Sec. Br. at 9; O.A. at 36:08-:54. For the reasons that follow, we disagree with the Secretary.

In the abstract, the phrase "any of the following actions" could conceivably mean *any one* of those actions or *any one, some, or all* of those actions. *See any*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/any (last accessed Sept. 28, 2023); *Perrin v. United States*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). But this recognition does not mean that the statute is ambiguous. As we noted earlier, "[c]ontext always matters" when interpreting a statute. *Van Dermark*, 57 F.4th at 1381. Thus, we must consider the term "any" in context. *See Small v. United States*, 544 U.S. 385, 388 (2005) ("'[A]ny' means 'different things depending upon the setting.'" (quoting *Nixon v. Mo. Mun. League*, 541 U.S. 125, 132 (2004))); *see also Yates v. United States*, 574 U.S. 528, 575 (2015) (explaining that the court relies on the doctrine of noscitur a sociis "to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving 'unintended breadth to the Acts of Congress'" (quoting *Jarecki v. G. D. Searle & Co.*, 367 U.S. 303, 307

---

[9] Subsection 5104C(b) is not at issue in the case. To be clear, we express no opinion on the adjudicative process when a claimant files and pursues a supplemental claim pursuant to 38 U.S.C. § 5104C(b).

(1961))). "[T]he word 'any' naturally carries 'an expansive meaning,'" *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018) (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997)). In that context, "'any' typically 'refer[s] to a member of a particular group or class without distinction or limitation' and "impl[ies] *every* member of the class or group.'" *Id.* (alterations in original).

In view of the generally expansive meaning of the word "any," as well as its use in the context of subsection 5104C(a), we read "any of the following actions" as plainly meaning "any or all" of the actions set forth in subsection 5104C(a), rather than "any one of" those actions, as the Secretary argues.[10] As amici curiae point out, no disjunctive "or" joins the list of actions set forth in subsections 5104C(a)(1)(A)-(C). *See* Br. for NLSVCC & NOVA at 7. The use of such a disjunctive "signals that the criteria stand as *independent* avenues that a veteran may use to establish entitlement." *Wilson v. McDonough*, 35 Vet.App. 75, 78 (2021) (emphasis added) (citing *Loughrin v. United States*, 573 U.S. 351, 377-78 (2014)). That Congress elected not to use the disjunctive "or" indicates Congress intended that the list of actions set forth in subsections 5104C(a)(1)(A)-(C) be viewed not as a list of "independent avenues" for a claimant to pursue, *see Wilson*, 35 Vet.App. at 78, but rather as a list of options that a claimant may elect to pursue. Notably, the only limit Congress provided in subsection 5104C(a)(1) was temporal—a claimant could avail himself or herself of the options in subsections 5104C(a)(1)(A)-(C) only in the 1-year period following a decision on a claim. Reading subsection 5104C(a)(1) in the manner espoused by the Secretary—specifically, that the word "any" means "any one"—adds restrictions to what Congress saw fit to provide.

Our reading of subsection 5104C(a)(1) is further supported by subsection 5104C(a)(2). In subsection 5104C(a)(2), Congress accomplished two complementary things. First, in subsection (a)(2)(A), it provided that a claimant could not use more than one of the options set out in subsection (a)(1) at the same time as any other option from (a)(1) until VA had adjudicated that option or the claimant withdrew the request. In other words, subsection (a)(2)(A) prohibits

---

[10] We recognize that the Federal Circuit's decision in *Military-Veterans Advocacy v. Secretary of Veterans Affairs* noted that "[w]ithin one year of an AOJ decision, a claimant may . . . pursue 'any' *one* of three lanes of administrative review by filing: a request for higher-level review, a supplemental claim, or a NOD for Board review." 7 F.4th at 1134 (emphasis added) (citing 38 U.S.C. § 5104C(a)(1)). Because *Military-Veterans Advocacy* is not concerned with the question before us, however, the passing reference to "'any' one of three lanes for administrative review" is dicta that is not binding on this Court. *See Co-Steel Raritan, Inc. v. ITC*, 357 F.3d 1294, 1307 (Fed. Cir. 2004) ("The word 'dicta' is an abbreviation for <u>obiter dicta</u>, which describes statements made by a court that are 'unnecessary to the decision in the case, and therefore not precedential (though [they] may be considered persuasive.'" (underline in original) (quoting BLACK'S LAW DICTIONARY 1100 (7th ed. 1999))).

*concurrent* use of the options that subsection (a)(1) provides. If *only one* of the options in subsection (a)(1) could be used in response to a "decision on a claim" as the Secretary argues, there would be no need to explicitly provide that a claimant could not use the subsection (a)(1) options concurrently. However, it is a well-established canon of statutory interpretation that we give effect to all terms and avoid rendering any "'inoperative or superfluous, void or insignificant.'" *Roper v. Nicholson*, 20 Vet.App. 173, 178 (2006) (quoting 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 46:06 (6th ed. 2000)), *aff'd*, 240 F. App'x 422 (Fed. Cir. 2007); *see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) (stating that the "canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme"). Our interpretation is faithful to that canon.

Second, in subsection (a)(2)(B), Congress provided that "[n]othing in this subsection shall prohibit a claimant from taking any of the actions set forth in paragraph (a) *in succession* with respect to a claim." 38 U.S.C. § 5104C (a)(2)(B) (emphasis added). If the Secretary is correct that the word "any" in subsection (a)(1) means "one," subsection (a)(2)(B) would be rendered entirely superfluous, which the Court should not allow. *See Marx*, 568 U.S. at 386; *Roper*, 20 Vet.App. at 178. In other words, under the Secretary's reading, the claimant could never take an action "in succession" to the initial review option the claimant selected. And under the Secretary's interpretation, when a claimant selects one of the actions set forth in subsections 5104C(a)(1)(A)-(C) following "a decision on a claim," nothing more than can be done; the appeal book (so to speak) on that claim is closed. All we are then left with is the decision that VA issues in response to the option that a claimant selected. To be sure, a claimant could make choices about how to proceed with respect to that later decision. But the Secretary's interpretation *never* permits a situation in which a claimant may take another action on the first decision. In other words, the Secretary's interpretation never permits an action qualifying as one "in succession" to the first option a claimant selected with respect to that first decision.[11] 38 U.S.C. § 5104C(a)(2)(A).[12]

---

[11] There is one caveat. If a claimant withdraws an initial review option, then the claimant is permitted to select another review option. However, an entirely different part of the statute, subsection (2)(D), deals with that issue. *See* 38 U.S.C. § 5104C(2)(D); *see also* 38 C.F.R. § 3.2500(e) (2023) (adopting regulations concerning withdrawal of claims as contemplated under section 5104C(2)(D)).

[12] It is true that taking our point to its logical conclusion, Congress could have stopped with subsection (a)(1). In other words, some sense of redundancy accompanies the inclusion of subsection (a)(2). But "redundancies are common in statutory drafting," *Barton v. Barr*, 140 S. Ct. 1442, 1453 (2020), and such redundancies, if any, do not

The Secretary's argument that Congress intended to permit a claimant to select "any one" of the review options set forth in subsections 5104C(a)(1)(A)-(C) for each decision on a claim is not persuasive. *See* Sec. Br. at 9 n.2. He points out that the legislative history of this statute includes a section in which Congress used the disjunctive "or" in discussing subsections 5104C(a)(1)(A)-(C). *Id.* (citing H.R. REP. NO. 115-135, at 7 (2017)). But "'[t]he plain words and meaning of a statute cannot be overcome by a legislative history which, through strained processes of deduction from events of wholly ambiguous significance, may furnish dubious bases for inference in every direction.'" *Ex Parte Collett*, 337 U.S. 55, 61 (1949) (quoting *Gemsco v. Walling*, 324 U.S. 244, 260 (1945)). Because we read the statute as plain and unambiguous, we need not consult legislative history to discern the intent of Congress. And even if we were to consider the legislative history cited by the Secretary, the history is unavailing, because when crafting the language of the statute Congress made the deliberate choice *not* to use the disjunctive "or."

The Secretary also notes that the concept of "'one review' of an agency decision was embedded in the appeals process well before the Appeals Modernization Act," and points out that under the legacy system, a claimant could not seek multiple reviews of a single agency decision. Sec. Br. at 10 n.3. This Court is not inclined to interpret the provisions of the AMA as harmonious with the legacy appeals system simply because a certain practice was "embedded" in that system; when, as here, statutory language is plain and unambiguous, "our task is to give effect to statutes as Congress has written them." *Frantzis v. McDonough*, 35 Vet.App. 354, 363 (2022). Additionally, the Secretary's relies on the concept of "one review on appeal," which is still in force under the AMA, *see* 38 U.S.C. § 7104(a), but the Secretary's reliance is misplaced. The concept of "one review on appeal" relates to the Board's authority to hear a timely appeal presented to it in the first instance. *Id.*; *see also George v. McDonough*, 142 S. Ct. 1953, 1957 (2022) ("As a general rule, the veteran may appeal within one year to the VA's Board of Veterans' Appeals . . . . ") Our holding does not disturb that concept. In fact, our holding has a meaningful effect only in the few situations where, as here, a claimant receives an adverse determination under the AMA; a claimant selects an administrative review available to him or her *before the AOJ*, such as a supplemental

---

outweigh what we consider to be a coherent construction of the statutory scheme. *See Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 881 (2019) ("Redundancy is not a silver bullet. . . . If one possible interpretation of a statute would cause some redundancy and another interpretation would avoid redundancy, that difference in the two interpretations can supply a clue as to the better interpretation of a statute. But only a clue. Sometimes the better overall reading of the statute contains some redundancy."); *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (favoring a statutory analysis that "accords more coherence" to statutory provisions than any rival analysis).

claim or request for HLR; and then, after receiving an adverse determination in response to that administrative review, within 1 year of the original AOJ decision, the claimant appeals the initial decision to the Board by filing an NOD.

The Secretary also argues that Mr. Terry's reading of the statute would lead to absurd results by allowing claimants to pursue "simultaneous actions with respect to the same underlying request for benefits," and that Mr. Terry's reading contemplates a "scenario where the same request for benefits could be decided differently in different final decisions." Sec. Br. at 11-12. In other words, the Secretary appears to be concerned that Mr. Terry could conceivably file administrative reviews of both the April 2019 HLR decision on the merits and the September 2019 decision that new and relevant evidence had not been submitted in connection with the supplemental claim. Of course, the Secretary's argument on this score is a hypothetical; Mr. Terry expressly sought only to appeal the HLR decision. It was the Board that construed his NOD as a disagreement with the denial of supplemental claim. Moreover, Congress likely acted to prevent the Secretary's hypothetical from coming to pass through subsection 5104C(a)(2)(A), which prevents claimants from taking simultaneous actions "with respect to the same claim or same issue within the claim." A "claim" is a request for "a determination of entitlement or evidencing a belief in entitlement, to a specific benefit." 38 C.F.R. § 3.1(p). Though the April 2019 HLR decision denied Mr. Terry's sleep apnea claim on its merits, and the September 2019 rating decision found that no new and relevant evidence had been submitted, ultimately these decisions involve the same claim— entitlement to VA compensation for sleep apnea. Indeed, when considering VA's regulations implementing the AMA, the Federal Circuit expressly recognized that a supplemental claim is part of the same "case," at least for purposes of the recovery of attorney fees. *See Mil.-Veterans Advoc.*, 7 F.4th at 1137-38. Thus, subsection 5104C(a)(2)(A) likely acts as a barrier against simultaneous review on the same claim and prevents the purportedly absurd result the Secretary describes. But the reality is that we need not explore fully how a supplemental claim interacts with an HLR decision because we simply are not at liberty to change the statute Congress wrote.

The Secretary also argues that our holding would create an inequity among veterans who receive decisions on their requests for administrative review within 1 year of the initial AOJ decision, and those who do not. Sec. Br. at 12-13. In order to ensure that there are no such inequities, he asserts, he "would be encouraged to delay rendering decisions in response to actions

take under subsection (a) until" the 1-year period following an AOJ decision had expired. Sec. Br. at 13 n.17.

The Secretary's suggestion that VA would intentionally delay adjudicating thousands of requests for administrative review under the AMA simply to avoid the uncommon instance in which an administrative review is adjudicated within a year of an initial AOJ decision is stunning. We remind the Secretary that the system for adjudicating veterans' claims for disability benefits statutes is "uniquely pro-claimant." *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998). Moreover, in publishing the regulations implementing the AMA, VA indicated that it "takes seriously its obligation to administer its [AMA] process in a claimant-friendly way." VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 139 (Jan. 18, 2019) (final rule). It is difficult to comprehend that under a uniquely pro-claimant system, or indeed any system of adjudication, an agency would arbitrarily delay adjudication in order to avoid an outcome that Congress has expressly provided for by statute.

Ultimately, when we read subsection 5104C(a) as a whole, we see that Congress provided that a claimant is able to select a second administrative review option with respect to a decision on the claim, so long as the 1-year period from that decision has not run and the second administrative review option does not run concurrently with the first administrative review option. 38 U.S.C. § 5104C(a)(1), (a)(2)(A)-(B). Each relevant provision of subsection 5104C(a) elucidates how Congress intended the process to work, and our plain reading analysis renders no provision entirely superfluous.[13]

In sum, we hold that subsection 5104C(a) provides that a claimant may file more than one administrative review request within 1 year of an initial AOJ decision on a claim, so long as those administrative reviews do not run concurrently. We note the Secretary's argument that his implementing regulation indeed uses the word "one" where Congress uses "any." *See* 38 C.F.R. § 3.2500(a)(1); Secretary's Br. at 13-14 (referencing the language used in 38 C.F.R. § 3.2500(a)(1), VA's implementing regulation). As we explained, however, a claimant is not restricted to using a single option following an initial decision on a claim so long as he or she is acting within 1 year of that decision. Therefore, we invalidate the parts of § 3.2500(a)(1) that are inconsistent with the correct interpretation of section 5104C(a)(1). *See Spicer v. McDonough*, 61 F.4th 1360, 1366 (Fed.

---

[13] Because we hold that Congress's intent can be discerned from a plain reading analysis, we do not reach the Secretary's alternative arguments about ambiguity in the statutory text. *See* Sec. Supp. Br. at 20-22.

Cir. 2023) (striking down a VA regulation as unlawful when it was inconstant with a statute Congress had enacted).

## C. Application to this Case

In August 2016 Mr. Terry filed his initial claim for service connection for sleep apnea. In June 2017, the RO issued its initial decision on that claim, in the legacy system. In June 2018, Mr. Terry filed a timely NOD with that initial decision, pursuant to the legacy appeals system. In February 2019, Mr. Terry elected to have his appeal processed in the AMA system pursuant to RAMP, and he elected higher-level review of all issues then on appeal. In April 2019, the AOJ issued an HLR decision denying service connection for sleep apnea. In June 2019, Mr. Terry filed a supplemental claim. In September 2019, VA issued a supplemental claim decision. In April 2020, Mr. Terry filed an NOD, and in this NOD he listed "Sleep Apnea" as an issue that he would like to appeal to the Board and identified the April 2019 rating decision. R. at 18.

Given our holding, *see supra* Section II.B, the April 2020 NOD constitutes a timely appeal from the April 2019 HLR decision, because it identified the April 2019 HLR decision; was filed within 1 year of that decision; and was not made concurrently with any other administrative review election, the Board erred when it "liberally construed" the April 2020 NOD as an appeal from the September 2019 supplemental claim decision. *See* R. at 6. We therefore reverse the Board's determination that the matter on appeal before it was whether new and relevant evidence had been submitted with respect to the June 2019 supplemental claim, and we remand this matter for a merits adjudication of Mr. Terry's sleep apnea claim based on the April 2019 HLR decision Mr. Terry appealed. R. at 6-7.[14]

## III. BASAL CELL CARCINOMA

Mr. Terry argues that "the Board failed to consider the veteran's claim [for service connection for basal cell carcinoma] in the context of 38 C.F.R. § 3.311." App. Br. at 19. He identifies a Record of Exposure to Ionizing Radiation reflecting that he was exposed to gamma radiation during service. *Id.* at 17 (citing R. at 1811). He argues that "the Board failed to recognize that basal cell carcinoma (the most common form of skin cancer) is a 'radiogenic disease' which VA recognizes 'may be induced by ionizing radiation'" under § 3.311. *Id.* at 9. And he argues that

---

[14] We have jurisdiction to review the Board's express jurisdictional determinations. *See Young v. Shinseki*, 25 Vet.App. 201, 203 (2012); *King v. Nicholson*, 19 Vet.App. 406, 409 (2006).

because the Board found that his basal cell carcinoma manifested many years after service, the Board should have at least referred the claim to the Under Secretary for Benefits pursuant to § 3.311. *Id.* at 18.

In response, the Secretary does not dispute that basal cell carcinoma is a form of skin cancer, that skin cancer is a "radiogenic disease" under § 3.311, or that Mr. Terry was exposed to gamma radiation in service. Sec. Br. at 17-18. But the Secretary argues that the Board did not err in failing to address the theory of entitlement under § 3.311, because Mr. Terry and his attorney did not raise to the Agency any theory of entitlement based on radiation exposure. *Id.* at 18-19.

"When evaluating a claim, the Board is required to address all theories of entitlement to the claimed VA benefits that are either raised by the claimant or reasonably raised by the record." *Garner v. Tran*, 33 Vet.App. 241, 246 (2021) (first citing *DeLisio v. Shinseki*, 25 Vet.App. 45, 53 (2011); and then citing *Robinson v. Peake*, 21 Vet.App. 545, 555 (2008), *aff'd sub nom. Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009)). And the Court has jurisdiction to determine in the first instance whether the evidence of record reasonably raised a theory. *Id.* (first discussing *Barringer v. Peake*, 22 Vet.App. 242, 244 (2008); then discussing *Lynch v. Wilkie*, 30 Vet.App. 296, 304-06 (2018); and then discussing *Robinson*, 21 Vet.App. at 552-57).

Section 3.311, title 38, Code of Federal Regulations, concerns claims based on exposure to ionizing radiation and states that "the term 'radiogenic disease' means a disease that may be induced by ionizing radiation and shall include . . . [s]kin cancer." 38 C.F.R. § 3.311(b)(2)(vii). At subsection (b)(1)this regulation also states:

(1) When it is determined:

(i) A veteran was exposed to ionizing radiation as a result of . . . activities as claimed;

(ii) The veteran subsequently developed a radiogenic disease; and

(iii) Such disease first became manifest within the period specified in paragraph (b)(5) of this section; before its adjudication the claim will be referred to the Under Secretary for Benefits for further consideration in accordance with paragraph (c) of this section. . . .

38 C.F.R. § 3.311(b)(1). And "[f]or the purposes of paragraph (b)(1) . . . [skin cancer] must become manifest 5 years or more after exposure." 38 C.F.R. § 3.311(b)(5).[15]

Here, the Board acknowledged evidence that Mr. Terry had been diagnosed with basal cell carcinoma. R. at 10. And the Board found that Mr. Terry's basal cell carcinoma "did not have an onset in active service or for many years thereafter." *Id.* There is no dispute that basal cell carcinoma is a form of skin cancer,[16] skin cancer is a radiogenic disease under § 3.311, and skin cancer manifesting 5 years or more after exposure is contemplated by § 3.311. Further, Mr. Terry's service records include a Record of Exposure to Ionizing Radiation showing his exposure to gamma radiation, and exposure to ionizing radiation is contemplated by § 3.311. The Board did not mention this evidence.

We find that the evidence of record reasonably raised the theory that service connection for basal cell carcinoma may be warranted under § 3.311, and we conclude that the Board erred by not addressing this theory of entitlement, regardless of the fact that Mr. Terry and his attorney did not raise it to the Agency. *See Robinson*, 21 Vet.App. at 553 ("[A] theory [of entitlement] can be both unknown to the appellant and suggested by the record."). Accordingly, we vacate the Board's denial of service connection for basal cell carcinoma and remand this matter for the Board to address this reasonably raised theory. *See Tucker*, 11 Vet.App. at 374.

## IV. OTHER CONSIDERATIONS

In keeping with our practice of deciding matters on the "narrowest possible grounds," we need not address Mr. Terry's and amici curiae's remaining arguments. *See Best v. Principi*, 15 Vet.App. 18, 20 (2001) (per curiam order). We remind the Board that "[a] remand is meant to entail a critical examination of the justification for the [Board's] decision." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991); *see also Andrews v. McDonough*, 34 Vet.App. 151, 161 (2021). And the Board must treat this matter in an expeditious manner on remand from the Court in accordance with 38 U.S.C. § 7112.

---

[15] Section 3.311(a) defines the circumstance under which VA should assess and develop evidence concerning the size and nature of the radiation dose or doses.

[16] *Basal cell carcinoma*, DORLAND'S MEDICAL DICTIONARY ONLINE, https://www.dorlandsonline.com/dorland/definition?id=63098&searchterm=basal+cell+carcinoma (last visited May 11, 2023); *see generally Tagupa v. McDonald*, 27 Vet.App. 95, 100 (2014) ("[T]he Court may take judicial notice of facts not subject to reasonable dispute if such facts are generally known or are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

## V. CONCLUSION

After consideration of the parties' briefs, amici curiae's briefs, oral argument, the record on appeal, and the governing law, the Court REVERSES the part of the June 18, 2020, Board decision determining that the only question before it was whether new and relevant evidence had been submitted in support of Mr. Terry's sleep apnea claim; SETS ASIDE the part of the Board's decision ordering a denial of the claim for service connection for sleep apnea and denying service connection for basal cell carcinoma; and REMANDS the vacated matters for further proceedings and readjudication consistent with this decision.